Good morning, Your Honor. Stephen Volker for Plaintiffs and Appellants. Good morning, Mr. Volker. Thank you. I'd like to reserve three minutes for rebuttal, if I might, Your Honor. The issues before the Court focus primarily on whether the applicable statute of limitations in this case barred its prosecution in federal court. Preliminarily, I would like to clarify that it's quite clear, based on the California Court of Appeals' recent ruling in Ad Inaugui v. the May Department Stores Company, which we forwarded to the Court in April 2005, that the governing statute is a two-year statute of limitations, which went into effect on January 1, 2003. Because of that fact, the Court need not engage in a review of the November 19, excuse me, November 2003 tolling letter, because the October 2002 tolling agreement, which is also before the Court, would be sufficient. No, it's not. No, it's not. Before the Court in a – Well, the October tolling agreement is not before the Court. Let me elaborate, Your Honor. Pardon me? That agreement is the subject of a request for judicial notice. Yes, I know it is, but the Court of Appeals essentially is not – well, the Court of Appeals is not a fact-resolving body. And it wasn't before the district court. Correct, Your Honor. Yes. Under the governing standard for 12b-6 motions, as articulated by the U.S. Supreme Court in the Hishon case, Your Honor, the question is whether plaintiffs can prove facts consistent with allegations of the complaint, which would survive the statute of limitations challenge. In this case, the allegations of the complaint are sufficient in themselves to survive the statute of limitations challenge, because they allege that there was a tolling agreement, which was effective to preserve the right of plaintiff Great Oaks Water Company to bring this action. Okay. Well, you know, the difficulty, it seems to me, is that you then ask the district court to take judicial notice of the November 4th, 03 letter, which you represented was the tolling agreement. And just like when you attach a contract or some other document as an exhibit to a complaint, the entire thing can be considered. And once you do that, then you get to the terms of the November 3, November 03 agreement. It's true that we asked the court to take judicial notice because, in our view, the November 03 letter confirmed the intent of the parties to extend the tolling period, that is, to freeze the running of the statute of limitations, as opposed to fixing a deadline by which the lawsuit must be filed. The November 03 letter references the prior agreement, which commenced on May 1, 2002. And certainly there was no representation to the court in plaintiff's request for judicial notice that the November 03 letter represented the only documentation of the parties' tolling agreement. But rather, that letter itself makes clear that there was a series of agreements commencing in May 1, 2002, as pled in the complaint, which extended the running of the statute of limitations. So the complaint should be construed liberally. The 2003 letter, likewise, as against a motion to dismiss, should be construed liberally in favor of the pleader, the plaintiff, in this case. The law is that whether or not plaintiff can prove the allegations of the complaint is a question for the trier of fact subsequent to the determination of what claims legally may be prosecuted. On a motion to dismiss, the defense arises only if there is no set of facts consistent with the allegations of the complaint and consistent with the November 2003 letter that plaintiff could advance to establish that the statute of limitations had not run. Now, the city argues that Calpine was a necessary and indispensable party. Assuming that to be true, you don't have to agree, but assuming that the city is correct, doesn't that end the case? It would not end the case because the question whether it can be joined, assuming it is an indispensable party, remains for determination. If it can be joined, then – Is there anything tricky about joinder of a party in this day and age? I mean, the federal rules of joinder are pretty broad. Why wouldn't you just assume that Calpine can be joined? If it can be joined, it's possible, for example, that the bankruptcy laws, Section 362 of the Bankruptcy Code, might present a wrinkle with respect to its joinder in this proceeding. As the Court is probably aware, there's a provision under Section 362 to have the automatic state that's imposed in bankruptcy proceedings on other adjudications lifted at the behest of the parties or by stipulation. But assuming that Calpine can be joined, then the question is, would it raise the affirmative defense of the statute of limitations? The law is that just as the city cannot raise the statute of limitations for Calpine because it is an affirmative defense and it's not jurisdictional to this Court unless it's raised by the party possessing the right to raise it, so, too, this Court could not, in Calpine's behest, raise that. The Wilbur case, which raised a similar issue, had a question about the indispensable nature of an Indian tribe as a party to the case, and they had a sovereign that would have had a sovereign immunity defense, and this Court said that obviously that defense is still there. So that didn't stop the analysis because the tribe had that defense, which it had not raised since it wasn't a party. I think that a sovereign immunity defense, Your Honor, may be jurisdictional as opposed to an affirmative. It can be waived. I don't think there's any question that sovereign immunity can be waived. Well, in this case, Calpine is not here to advance the affirmative defense. Neither was the Indian tribe in that case. What I would say, Your Honor, is that to the extent the case can be read to support Your Honor's reasoning, I think there's some question, and I respectfully have suggested perhaps a basis for that. Nonetheless, in this case, the affirmative defense, should it be raised, which would also be subject to equitable tolling defenses under California law. The federal law applicable to statutes and limitations does incorporate the governing California law with respect to equitable defenses such as equitable tolling, and in this case, of course, Calpine was named as a real party in interest in a number of lawsuits brought in state superior court, in the state supreme court, and one of the superior court, or two of the superior court actions were actually appealed to the court of appeal. Those cases raised many of the same issues raised in this case, and thus I think we have notice to the other party defendant. We have absence of prejudice in the gathering of evidence since it was a party and was put on notice of the issues respecting the contract zoning or violation of general plan and zoning issues, and plaintiff's decision to pursue alternate remedies was in good faith in an attempt to avoid the unnecessary multiplicity of actions that would ensue had plaintiffs brought multiple actions in state and federal courts simultaneously. With that, Your Honor, I'd like to reserve if I have any time left. Thank you. It just all disappeared. Thank you. Mr. Hopper. Good morning. May it please the Court, Brian Hopper appearing on behalf of the appellees, City of San Jose, San Jose City Council, and Mayor Ron Gonzalez. Whether due to inadvertence or a deliberate intent to stretch out the litigation challenging the Metcalf Energy Center, the appellants waited until March of 2004 to challenge and file the civil rights action against the city for its entry into this June 2001 cooperation agreement. And whatever the reason for that delay, the result is that the action was ultimately untimely, and the lower court correctly dismissed the action pursuant to the city's 12B6 motion. I'd like to begin by addressing the recent Andanagui decision cited by appellants' counsel. And that, of course, holds that the new two-year limitations period would apply to actions that are not already barred by the statute of limitations at the time the statutory amendment came into effect. And we submit, Your Honors, that their reliance on that decision is simply misplaced in this case. It does not, as they assert, extend the statute of limitations to mid-March of 2004. But for the November 2003 letter agreement that they had the court take judicial notice of, the greater statute of limitations would have expired one year after the June 2001 accrual of the cause of action. Putting that out to June 2002. And that, of course, was prior to the statutory amendment in January of 2003. Because the statutory statute of limitation expansion would not apply to Great Oaks' claim but for the November 2003 agreement, that agreement must be considered as setting forth the full and total limits of the time in which to file a complaint. And that agreement, of course, held that the applicable statute of limitations would be extended to June 2000 I'm sorry, would be extended to January 5th, 2004. And that term applicable would encompass both the one-year statute of limitations that was in effect at the time the cause of action accrued and arguably would encompass the two-year statute of limitations given the actions of the tolling agreement, the amendment, and the antinagri decision. But even if the two-year statute of limitations was applicable under the express terms of the agreement, it was extended only to January 5th, 2004. When we look at the operative language of that agreement, it's not ambiguous as appellant's counsel suggests. It essentially holds that the city will extend any and all applicable statutes of limitations to that date certain. And that date, more than two and a half years after the cause of action accrued, was in fact the bargain for deadline. I'd like to also address their arguments regarding the November 2003 letter. I think it's a review of the record reveals it's indisputable that in the lower court, they held that out to be the tolling agreement, not simply a description of the tolling agreement. This is reflected in their request for judicial notice. It's reflected in their opposing papers to the motion. And it's also reflected during oral argument. With respect to equitable tolling and the three-pronged Cervantes test, I think it's critical to consider and keep in mind the Daviton versus Columbia HCA health care decision, which effectively holds that the same wrong must serve as the predicate for the earlier and later proceedings. And the appellant simply cannot satisfy this standard. So equitable tolling does not apply. It's true that their earlier actions against the California Energy Commission contended that the Metcalf Energy Center violated city of San Jose planning regulations and zoning regulations. It's also true that the incident civil rights suits alludes to that. But despite that superficial factual similarity, the predicate wrongs in the case are entirely different. In the CEC suits, the predicate wrong was whether local rules should have been overridden and whether the project should have been approved. In the instant action, the predicate wrong is whether the city and its challenged entry into the cooperation agreement effectively denied the appellants their due process rights or civil rights, loss of hearings, and whether that constituted an infringement on their property rights. Similarly, in their prior 2003 action against the city of San Jose, the CEQA action brought under the California Environmental Quality Act, the predicate wrong involved the extension of the city's water reclamation project to the North Coyote Valley. And the violations of the local regulations asserted in that action were related to that project alone, not the Metcalf Energy Center. And therefore, it can't be argued that the same predicate wrong was in effect. Now, given the different nature of those predicate wrongs, effectively, equitable tolling simply cannot apply. And we would also argue, Your Honors, that there is, in a sense, inferable bad faith on the part of the appellants in bringing this action, and they can't say it's done in good faith. By bringing a succession of actions as they did, the undeniable result is to stymie the project, or the undeniable intent that can be inferred is to stymie the project, interfere with the developer, secure in financing, possibly discouraging the city from giving approvals to allow the project to go forward. And by bringing a succession of actions, they guarantee that litigation is always in play and that there will always be these hindrances. So I don't believe that their argument that this was done in good faith is sufficient. I'd also assert that their arguments that the statute of limitations defense as to Great Oaks Water Company was not properly before the lower court is an invalid argument. They assert that because the city of San Jose did not include that argument in its moving papers, that somehow the court was without jurisdiction to hear the matter. And admittedly, the city did not include Great Oaks and that statute of limitations argument in its opening papers or in the reply brief, essentially based on the 12B6 rules, which effectively require us to accept the truth of the matters alleged in the complaint. And, of course, the complaint had allegations regarding the statute of limitations being satisfactorily told by this tolling agreement. And it was only after Great Oaks requested itself that the court take judicial notice of the November 2003 tolling agreement that the conclusive allegations could be dispelled and that the actual language in that tolling agreement could be before the court for its analysis. And given that, the city did expand its argument to include Great Oaks. And notably, the appellants during the lower court proceedings did not object to that argument. The questions were entertained before the court and responded to. They did not request leave to file supplemental pleading. They did not file a motion for reconsideration later on. Effectively, they waived any such objection. And it's, therefore, inappropriate for them to raise that argument in this forum. And I believe unless the court has any questions. I don't think so. I will conclude. Thank you. All right. Thank you, counsel, both of you. The matter just argued will be submitted and the court will be in recess for the day.
judges: Rymer, T.G. Nelson, King